Rockingham, }
March 4, 1913. }

## SOUTH BAY CO. *v.* CHARLES H. MERRILL.

Where a fire policy requires the insured, when entitled to sue upon the contract, to bring a test suit in the New York supreme court against a designated underwriter for the purpose of determining the question of liability, and provides that if such condition shall fail for any reason a similar action may be brought elsewhere against others, a dismissal of the original suit by the New York court, upon the sole ground of want of jurisdiction, authorizes another test suit against another underwriter in the court of this state.

A statute of another state, providing that a foreign corporation doing business therein shall not maintain an action upon any contract unless certain requirements have been complied with, does not render such contract invalid nor deprive the corporation of the right to enforce it in the court of this state, if jurisdiction of the parties can be obtained here.

Under a provision in a fire policy, that the time during which a test case is pending shall not be considered a part of the period within which suit upon the policy is required to be brought, the time consumed in an ineffectual test suit in another state is to be excluded in determining whether a subsequent action brought in the court of this state is barred by the limitation.

ASSUMPSIT, on a fire insurance policy. Trial in the superior court at the January term, 1912, before *Wallace*, C. J., who transferred the case without a ruling, upon an agreed statement of facts and a finding based thereon to the effect that the plaintiffs were entitled to a verdict for $100 and interest from the date of the writ, unless they were precluded from recovering as matter of law. The facts are stated in the opinion.

*Eastman, Scammon & Gardner* (*Mr. Scammon* orally), for the plaintiffs.

*Arthur O. Fuller* (by brief and orally), for the defendant.   1.   The defendant's undertaking was conditional, and the conditions are integral parts of the undertaking; some of these conditions are what are called conditions precedent (must be fulfilled before any liability could arise at all), and others were conditions subsequent, going to defeat whatever liability might otherwise exist.   The plaintiffs' right to bring action against this defendant or any of his associates was not to arise until a test suit should be brought against an underwriter selected as the representative of all, and a determination of that test suit in favor of the plaintiffs; and no action was to be sustainable at all unless brought within one year next after the fire, exclusive of the time that the test suit might be pending.

2.   The laws existing at the time and place of making a contract enter into and form a part of it.   This embraces alike those which affect its validity, construction, and enforcement.   Nothing is more material to the obligation of a contract than the means of its enforcement.   The obligation of a contract is the law which binds the parties to perform their agreement.   *Walker* v. *Whitehead*, 16 Wall. 314.

An agreement which cannot be enforced by the law of its place is equally unenforceable elsewhere.   Its "obligation," if it has any, must be derived from the law of its place.   If it has no force there, no law of any other place or "sovereign" can impart such force. It may be "valid" in the sense that the man who made the promise is at liberty to keep it if he sees fit so to do (just as, in that sense, a promise with no consideration is valid); but it can have no "obligation"—no binding force—that is not given it by the law of its place.

This principle is not confined to contracts, but is of general application to every species of act or omission to act.   The liability of a railroad for its engineer's negligence in running over a man in Montana is measured and determined by Montana law, whether the suit be brought there or elsewhere.   *Northern Pacific R. R.* v. *Babcock*, 154 U. S. 190.   The law of New York does not bind the defendant to perform this agreement.   It is not enforceable in New York courts, lacks "obligation," is valid only in the sense that the defendant is at liberty to perform it if he sees fit, but cannot be compelled so to do.   *South Bay Co.* v. *Howey*, 190 N. Y. 240.

The termination of the Howey suit adversely to the plaintiffs is decisive of this suit, not only because it decides that the plaintiffs could not recover on this contract and because it was a decision in favor of this defendant (whom Howey, by express agreement of

the parties, represented), but because by the very terms of the contract the plaintiffs are precluded from recovering against any of the underwriters unless the test suit against their representative (Howey) results in recovery against Howey.

3. This action cannot be maintained because not brought within one year "next after the fire." If the Howey case was not a "test case," decisive in this action, its pendency does not prolong the time allowed for bringing suit against Merrill. The plaintiffs cannot, while insisting that the Howey suit was *not* a test suit so as to bind the plaintiffs by its adverse result, insist at the same time that it *was* a test suit so as to prolong the time allowed for bringing this action.

BINGHAM, J. The plaintiffs are a corporation organized under the laws of New Jersey. The defendant is a citizen of this state. August 21, 1902, the defendant and fourteen others made and delivered to the plaintiffs in New York a policy of insurance whereby they agreed (each acting separately and not for any of the others), in consideration of the stipulations therein named and the payment of a certain sum, to indemnify the plaintiffs against loss or damage occasioned by fire to certain property situated in New York state, for the term of one year from September 9, 1902, and in the amounts placed after their respective names upon the policy, in all aggregating not more than $1,500. The amount placed after the name of the defendant was $100. May 19, 1903, while the policy was in full force, a fire occurred on the insured premises whereby a loss was occasioned the plaintiffs in the sum of $1,755. Immediately after the fire, the plaintiffs gave due notice in writing of the loss, made and delivered the required proof of loss, and did and performed all things necessary to an adjustment of the same by the insurers. There was a disagreement as to the amount of the loss; and the plaintiffs and representatives of the underwriters, in accordance with the terms of the policy, referred the matter to a board of referees, which determined the loss to be $1,755. The plaintiffs were the sole owners of the property and had no other insurance upon it.

Having complied with all the terms of the policy by them required to be performed, and the required time having elapsed before suit could be brought, the plaintiffs demanded payment, but it was not made. The policy provided that the insured, when entitled to bring suit, should in the first instance bring their action against an

underwriter named by the defendants for the recovery of his *pro rata* share of the liability. W. J. Howey was designated as such underwriter. It was also provided in the policy that the suit should be brought in the supreme court of the state of New York, and this was complied with on October 20, 1903. The case was tried in the supreme court of that state, appealed to the appellate division of that court (*South Bay Co.* v. *Howey*, 113 N. Y. App. Div. 382), and again appealed to the court of appeals (*S. C.*, 190 N. Y. 240), where an order was made for a new trial in the supreme court in accordance with its opinion. March 10, 1908, the case came on for a new trial in the supreme court, a trial was had, and the court, following the decision of the court of appeals, dismissed the complaint.

It appeared that the plaintiffs were a foreign stock corporation, their business being the manufacture and sale of fish fertilizers for profit, and that they had been doing business in New York from March, 1900, to May 19, 1903, and had not complied with section 15 of the general corporation law of New York (N. Y. Laws 1892, *c.* 687, as amended by Laws 1901, *c.* 96). Section 15 provides that "no foreign stock corporation other than a moneyed corporation shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state," and that "no foreign stock corporation doing business in this state without such certificate shall maintain any action in this state upon any contract made by it in this state unless . . . it shall have procured such certificate." It was because of the lack of jurisdiction of the courts of the state of New York to entertain a suit brought by such a foreign stock corporation upon a contract made by it in the state of New York, the corporation having failed to comply with section 15, that the plaintiffs' suit was dismissed. Within less than six months after the dismissal of the test case in the New York courts, this suit was brought.

According to the policy, the stipulations imposed as to bringing the test suit were inserted "for the purpose of avoiding unnecessary litigation . . . and of ascertaining or determining the liability of the underwriters" under the policy; and in article 9 of the policy it was provided that "in case . . . the foregoing condition precedent as to the necessity for first bringing said test suit fails for any reason, then . . . if and when litigation may arise on this policy between the insured and any one or more underwriters involv-

ing the same transaction, the suit in which summons is first served in a court of record shall be a test suit."

It is apparent from these provisions that when the test suit was dismissed in the New York court for want of jurisdiction, the purpose for which the foregoing stipulation was inserted—of ascertaining and determining the liability of the underwriters under the policy—failed, and that the bringing of the present suit was authorized under article 9.    The final judgment in the New York suit was not based upon the merits of the controversy, but upon the lack of jurisdiction of the court.    The only question of liability that the parties were in dispute about when that suit was instituted was the amount of the loss.    This question was not determined by the judgment of the New York court, and that judgment is not *res adjudicata* between the parties to the suit and their privies except as to such facts as were essential to establish the lack of jurisdiction of the court.    The matters in dispute bearing upon the question of liability were open and undetermined at the time this suit was brought.

It is contended by the defendant that section 15 of the New York corporation law not only deprived the courts of that state of jurisdiction, but entered into and rendered the contract of insurance void and unenforceable in any jurisdiction.    That this is not so is clearly pointed out in the following cases, where this section of the statute is fully and ably considered:  *J. R. Alsing Co.* v. *Company*, 174 N. Y. 536;  *Mahar* v. *Villa Sites*, 204 N. Y. 231;  *Groton etc. Co.* v. *Company*, 151 Fed. Rep. 871;  *Meader Furniture Co.* v. *Company*, 192 Fed. Rep. 616;  *David Lupton's Sons Co.* v. *Automobile Club*, 225 U. S. 489.    It appears from these decisions that the statute simply deprives the plaintiffs of a remedy to enforce the contract in the state of New York, and that it does not affect the validity of the contract, which may be enforced in the courts of any other state where jurisdiction of the parties can be obtained.

The policy also contains a provision "that no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity  .  .  .    unless commenced within twelve months next after the fire"; and the contention is made that, inasmuch as the present suit was not brought within a year from the date of the fire, the right of action is barred.    But in article 4 of the policy it is provided that "the time during which such test case [the one required to be brought in the courts of the state of New York] is pending shall not be considered a part of the time above

limited in which suit may be brought hereon against such other underwriters"; and as by excluding the time during which the so-called test suit was pending in New York it appears that the present suit was brought within a year from the time of the fire, this objection fails also.

It follows, therefore, that in accordance with the order of the superior court there should be judgment for the plaintiffs for $100 and interest from the date of the writ.

*Judgment for the plaintiffs.*

All concurred.