Hillsborough, ⎱
Feb. 6, 1923. ⎰

### PEOPLES WET WASH LAUNDRY CO. v. JOSEPH DUBEAU.

Under Laws 1913, c. 187, s. 3, a foreign corporation may maintain an action if
the statute had been complied with when the suit was brought and if the
cause of action did not accrue until after such compliance.

The right of action for an overpayment made upon a lumber contract whereby
there was to be no settlement between the parties until all the lumber sawed
had been surveyed, does not accrue until after such survey.

A corporation authorized "to lease and otherwise deal in real estate and personal
property . . . and to do any and all things to enhance the value of the com-
pany's property or rights," has power to conduct lumber operations.

ACTION, to recover money which the plaintiff claimed to have over-
paid the defendant on a logging contract. Trial by jury and verdict
for the plaintiff.

The defendant moved to dismiss the plaintiff's suit because the
plaintiff, a foreign corporation, had not complied with the provisions
of chapter 187, Laws of 1913, at the time the contract was executed,
and also upon the ground that the contract was *ultra vires*. The
motion was denied, and the defendant excepted. Transferred from
the September term, 1921, of the superior court by *Marble*, J. The
facts appear in the opinion.

*Henry B. Stearns* (by brief and orally), for the plaintiff.

*Frederick J. Grady* (by brief and orally), for the defendant.

PLUMMER, J. The parties upon the thirteenth day of September,
1918, entered into the following contract: "I Joseph Dubeau of
Derry N. H. agree to saw all timber and do all work from stump to
stick on lot so called the Hazelton lot situated in Chester N. H.; for
the sum of $14.00 per thousand. After wood has been surveyed by
Lawrence Lumber Co. or any other reliable party, if any mistake is
found by either party money is to be reimbursed by either side.
Wood is to be sawed as agreed between both parties." Signed by
the parties.

The plaintiff is a foreign corporation. Chapter 187, Laws 1913,
section 1, provides: that "Every foreign corporation except foreign
insurance companies shall before doing business in this state in
writing appoint the secretary of state and his successor in office to
be its true and lawful attorney upon whom lawful process in any

action or proceeding against it upon any liability arising in this state may be served." Section 3 provides a fine in case of failure to comply with the law, and then continues as follows: "Such failure shall not affect the validity of any contract with such corporation, but no action shall be maintained or recovery had in any of the courts of this state by any such foreign corporation so long as it fails to comply with the requirements of this act, or upon any cause of action accruing during such failure." In other words, an action can be maintained if the statute had been complied with when the suit was brought, and if the cause of action upon which the suit was instituted did not accrue until after a compliance with the statute. *Blanchard & Son Company* v. *Company, ante,* 161.

The plaintiff complied with the statute June 3, 1919. The action was not brought until 1920. The real question for determination in this case is whether the cause of action upon which it is founded accrued prior to June 3, 1919.

The plaintiff's evidence tended to prove that after the contract was executed and the defendant began to saw the lumber, the plaintiff paid to him various amounts on account; and that when the contract was completed, and a survey had been made of all the lumber sawed, it appeared that the plaintiff had overpaid the defendant. The refusal of the defendant to reimburse the plaintiff resulted in this action.

An examination of the contract demonstrates that there was not to be a settlement between the parties until all the lumber sawed had been surveyed. Hence this action would not accrue until that event occurred. There is substantial evidence in this case from which it could be found that all the lumber sawed by the defendant was not surveyed until after June 3, 1919, the date of the plaintiff's compliance with the statute. Therefore it could be found that the action did not accrue until after that date. Consequently there was no error in denying the defendant's motion to dismiss the case upon the ground that the plaintiff had failed to comply with the statute in question.

The exception of the defendant to the refusal of the court to grant its motion to dismiss the action upon the ground that the contract was *ultra vires* demands little consideration.

The purposes of the plaintiff corporation as shown by its articles of incorporation, "are to conduct a general laundry business in all its branches. To deal in merchandise and machinery of all kinds and descriptions. To lease and otherwise deal in real estate and personal

property of all kinds and descriptions and to do any and all things to enhance the value of the company's property or rights."

The authority of the corporation to transact business as defined in its articles of incorporation is exceedingly broad. There is no question that the right to lease and otherwise deal in real estate and personal property of all kinds and descriptions, and to do any and all things to enhance the value of the company's property or rights, conferred upon the corporation the power to conduct lumber operations.

*Exception overruled.*

YOUNG, J., was absent: the others concurred.