Rockingham, }
June 5, 1928. }

PENNSYLVANIA RUBBER CO. *v.* IRA A. BROWN & *a.*

*Demond, Woodworth, Sulloway & Rogers* and *Samuel W. Emery*
(*Mr. Jonathan Piper* orally), for the plaintiff.

*Ernest L. Guptill* and *John L. Mitchell* (*Mr. Mitchell* orally), for
the defendants.

MARBLE, J. Chapter 231, section 1, of the Public Laws provides
that before doing business in this state every foreign corporation,
except insurance companies, "shall in writing appoint the secretary
of state and his successor in office to be its true and lawful attorney
upon whom lawful process in any action or proceeding against it
upon any liability arising in this state may be served, and in such
writing shall agree that any lawful process against it upon such lia-
bility which is served on said attorney shall be of the same legal
force and validity as if served on it, and that the authority shall

continue in force so long as any liability remains outstanding against it in this state."

The penalty for a violation of this statute is a fine of not more than five hundred dollars, and while it is stipulated that such violation "shall not affect the validity of any contract with such corporation," it is further provided that "no action shall be maintained or recovery had in any of the courts of this state by any such foreign corporation so long as it fails to comply with the requirements of this chapter." P. L., c. 231, ss. 10, 11. An amendment, in force at the time of the trial, establishes a registration fee of twenty-five dollars. Laws 1927, c. 60, s. 1.

Although the statute, which had its inception in Laws 1913, c. 187, has several times received judicial interpretation (*Quimby* v. *Company*, 78 N. H. 174; *Ensign* v. *Christiansen*, 79 N. H. 353; *Blanchard &c. Co.* v. *Company*, 80 N. H. 161; *Peoples &c. Laundry Co.* v. *Dubeau*, 80 N. H. 544; *Chickering &c. Co.* v. *Jackson*, 81 N. H. 60; *Shiatte* v. *Company*, 81 N. H. 294), the precise question now presented has never before been considered in this jurisdiction.

The plaintiff does not impugn the authority of the legislature to limit the activities of foreign corporations with respect to transactions that are purely local, but claims that an interstate transaction is here involved.

It is uniformly held that a corporation organized under the laws of a particular state may go into another state "without obtaining the leave or license of the latter," for all the legitimate purposes of interstate commerce, and that no state may impose any statutory restriction on this privilege which directly interferes with or burdens such commerce. *Dahnke-Walker &c. Co.* v. *Bondurant*, 257 U. S. 282, 291, and cases cited; *Hanover Fire Ins. Co.* v. *Harding*, 272 U. S. 494, 507; 8 Fletcher, Cyc. Corp., s. 5782; 14A C. J. 1253.

That an interstate shipment is the subject-matter of the contract which the plaintiff here seeks to enforce cannot be doubted. The defendants do not deny this fact, but contend that since our statute does not in terms prohibit a foreign corporation from doing business in the state nor invalidate its contracts, the provision that it shall not be entitled to maintain an action in our courts until it has complied with the requirements of the act can amount at most to no more than an indirect and incidental interference with commerce between the states.

The question is a federal one, on which the decisions of the supreme court of the United States are controlling. And that court has defi-

nitely declared that "when a corporation goes into a state other than that of its origin to collect, according to the usual or prevailing methods, the purchase price of merchandise which it has lawfully sold therein in interstate commerce, it is there for a legitimate purpose of such commerce, and that the state cannot, consistently with the limitations arising from the commerce clause, obstruct or hamper the attainment of that purpose." *Sioux Remedy Co.* v. *Cope*, 235 U. S. 197, 204.

While our statute is not identical with the one under consideration in the case cited, it contains similar requirements as to registration and the appointment of a resident agent. It precludes the plaintiff from recovery in this or any other action until the designated appointment has been made; and the authority with which the appointee is thereby invested continues in force so long as any liability remains outstanding against the corporation in this state.

Concerning such provisions Mr. Justice *Van Devanter* says (*p.* 205): "We think the mere statement of the conditions shows that they have no natural or reasonable relation to the right to sue which they are intended to restrict. They have no bearing upon the merits or any question of procedure or costs, are not directed against any abusive use of judicial process, and are plainly onerous. The second one, respecting the appointment of a resident agent upon whom process may be served, is particularly burdensome, because . . . it requires the corporation to subject itself to the jurisdiction of the courts of the state in general as a prerequisite to suing in any of them; that is to say, it withholds the right to sue even in a single instance until the corporation renders itself amenable to suit in all the courts of the state by whosoever chooses to sue it there. If one state can impose such a condition others can, and in that way corporations engaged in interstate commerce can be subjected to great embarrassment and serious hazards in the enforcement of contractual rights directly arising out of and connected with such commerce. As applied to such rights we think the conditions are unreasonable and burdensome, and therefore in conflict with the commerce clause."

The statute recently considered in the case of *Poti* v. *Company*, *ante*, 232, constituting the commissioner of motor vehicles the agent of non-resident motorists for service of process in suits against them growing out of accidents on the highways of the state (P. L., *c.* 100, *s.* 32) is clearly distinguishable. "In the absence of national legislation covering the subject, a state may rightfully prescribe uniform

regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles, — those moving in interstate commerce as well as others. . . . This is but an exercise of the police power uniformly recognized as belonging to the states and essential to the preservation of the health, safety, and comfort of their citizens; and it does not constitute a direct and material burden on interstate commerce." *Hendrick* v. *Maryland*, 235 U. S. 610, 622. See also *Opinion of the Justices*, 81 N. H. 566.

*Exception sustained.*

SNOW, J., was absent: the others concurred.