Belknap,
No. 5859.

F. W. Myers & Co.

*v.*

Francis J. Piche.

Argued March 4, 1969.
Decided April 30, 1969.

*Paul A. Rinden* (by brief and orally), for the plaintiff.

*Normandin, Cheney & O'Neil* and *David O. Huot* (*Mr. Huot* orally), for the defendant.

Grimes, J. This is an action in assumpsit for duty paid by the plaintiff on behalf of the defendant on a shipment of ski boots purchased by defendant from a Canadian firm. The plaintiff filed a motion for summary judgment, and the defendant filed a counter-affidavit. At the hearing on this motion, the defendant moved to dismiss on the ground that the plaintiff had not registered to do business in this state under RSA ch. 300. The Trial Court (*Flynn,* J.) granted the motion but provided that if the ruling is reversed, there should be judgment in the amount of the specification, and transferred the exception of the plaintiff.

The plaintiff is a corporation engaged in business as a customs broker at Rouses Point, New York, and elsewhere. According to the agreed statement of facts, it is the practice in the import business for the carrier to select a broker. The

broker pays the custom duty assessed by the custom office subject to later revision, and the amount so paid is added to the shipping costs and collected by the carrier from the purchaser. 19 U.S.C. *s.* 1505. If there is an upward revision of the custom duty on later calculations, the broker pays the added amount and bills the purchaser.

In the present case, the plaintiff was designated as the broker by the carrier and after payment of the original amount assessed, which was collected by the carrier, the plaintiff paid an additional $95.15 and billed the defendant. On failure of payment, this action was brought.

RSA 300:3 provides that every foreign corporation with certain exceptions not here applicable "desiring to do business in this state" shall pay a registration fee and a maintenance fee and maintain a registered office, or a resident agent who may be the Secretary of State. Section 8 provides that failure to comply shall not affect the validity of any contract with such corporation "but no action shall be maintained or recovery had in any of the courts of this state by any such foreign corporation so long as it fails to comply with the requirements of this chapter."

The activity required to constitute "doing business" under this type of statute is greater than that which will subject a foreign corporation to the jurisdiction of the courts of a state. *Eljam Mason Supply, Inc.* v. *Donnelly Brick Co.*, 152 Conn. 483; *Rock-ola Manufacturing Corp.* v. *Wertz,* 249 F. 2d 813. See 36 Am. Jur. 2d, Foreign Corporations, *s.* 324; 20 C.J.S., Corporations, *s.* 1828. See RSA 300:14.

The case of *Union Brokerage Co.* v. *Jensen,* 322 U. S. 202, relied on by the defendant is n o t applicable. There the brokerage company, a North Dakota corporation, had an office in Minnesota and was clearly doing business in that state. It was held that Minnesota could deny it access to its courts until it complied with the licensing requirements.

The plaintiff has not been shown to have conducted any activities within this state. It has no office or representative here. The fact that the carrier collects the duty paid from the consignee in this state in accordance with the custom of the trade does not bring the plaintiff in sufficient contact with the State to amount to doing business here. *Rock-ola Manufacturing Corp.* v. *Wertz, supra,* 817.

We hold that the plaintiff was not doing business within this state so as to come within the provisions of RSA ch. 300, and therefore the ruling of the Superior Court is reversed. *Chickering &c. Co.* v. *Jackson,* 81 N. H. 60.

*Judgment for the plaintiff.*

LAMPRON, J., did not sit; the others concurred.