468 P.2d 576

James H. BURR and Kathryn Burr,
his wife, Appellants,

v.

RENEWAL GUARANTY CORPORATION,
a Colorado corporation, Appellee.

No. 9828.

Supreme Court of Arizona,
In Banc.

April 29, 1970.

Wade Church, Phoenix, for appellants.

Holman, Lewis, MacArthur & Carver, by John D. Lewis, Tempe, for appellee.

LOCKWOOD, Chief Justice.

Plaintiff, Renewal Guaranty Corporation, hereinafter referred to as "the lender" sued James H. Burr and his wife, hereinafter referred to as "Burr", on a promissory note. The defense was usury. The trial court, sitting without a jury, gave judgment for the lender, and Burr appealed.

The facts are not in dispute. The lender is a Colorado corporation, duly registered under the Money Lender's Act of Colorado, which permits it to charge 24% per year interest on loans. It specializes in loans to life insurance salesmen secured by commissions earned by them but not yet due from their companies. The lender advertises in trade journals and other periodicals which are read nationwide by life insurance salesmen, including those residing in Arizona.

Burr read one of the lender's ads, and applied for a loan. The lender checked Burr's credit, and assured itself that Burr had future commissions coming. A note was prepared in Colorado and sent to Burr, together with an assignment of his commissions. Burr signed both documents in Arizona, and returned them to the lender, which then mailed its check to Burr. The note was for $4,800, bore interest at the rate of 1½% per month, was specifically made payable at the lender's office in Denver, Colorado, in installments, and provided that "the construction and enforcement of this note shall be governed by the laws of the State of Colorado." Burr defaulted on his payments.

The parties agree that if the maximum permissible interest rate is governed by the laws of Arizona, the note is usurious,

but if it is governed by the laws of Colorado, then it is not. The issue, therefore, involves principles of conflict of laws.

Burr contends that since the contract was made in Arizona, it must be interpreted by Arizona law. However, we believe otherwise. It is true that Burr signed the note in this state, but the note was prepared in Colorado and sent here for him to sign. When signed, it was returned to the lender. When the latter received it, there was not yet a contract. The lender could not sue on the note, for it had not yet parted with the consideration. The note became an enforceable promise to pay when the lender sent its check to Burr. We believe that the contract, evidenced by the note, was made in Colorado.

In Seeman v. Philadelphia Warehouse Co., 274 U.S. 403, 47 S.Ct. 626, 71 L.Ed. 1123 the United States Supreme Court said in 1927:

"Respondent, a Pennsylvania corporation having its place of business in Philadelphia, could legitimately lend funds outside the state, and stipulate for repayment in Pennsylvania in accordance with its laws, and at the rate of interest there lawful, even though the agreement for the loan were entered into in another state, where a different law and a different rate of interest prevailed. In the federal courts, as was said in Andrews v. Pond, 13 Pet. 65, 77–78 (10 L.Ed. 61): 'The general principle in relation to contracts made in one place, to be executed in another, is well settled. They are to be governed by the law of the place of performance, and if the interest allowed by the laws of the place of performance is higher than that permitted at the place of the contract, the parties may stipulate for the higher interest, without incurring the penalties of usury.' "

Seeman, supra, is cited in Pioneer Credit Corporation v. Carden, 127 Vt. 229, 245 A. 2d 891 (1968) as authority for the statement that:

"Absent a purposeful scheme to evade our usury laws, '(a) contract to be usurious by our law must not only be made here, but to be performed here.' "

The Restatement of the Law, Second, on Conflict of Laws, now in printing, Chapter 8 (Contracts) § 203(2) states the rule succinctly:

"The validity of a contract will be sustained against the charge of usury if it provides for a rate of interest that is permissible in a state to which the contract has a substantial relationship and is not greatly in excess of the rate permitted by the general usury law of the state of the otherwise applicable law * * *."

This Court has already approved the rule applying the law of the state having the most significant relationship, in conflict of laws as applied to tort cases. Schwartz v. Schwartz, 103 Ariz. 562, 447 P.2d 254. It is our considered opinion that the Restatement, Second, supra, with reference to usury, represents the better and most modern statement of the correct rules to apply. Those rules represent an enlightened approach to the whole field of conflicts, based upon logic and reality rather than upon ancient unrealistic maxims.

We agree with the principles set out above, and we hold that the note in the instant case is governed by the laws of the State of Colorado and is therefore not usurious. The lender is regulated by the laws of that state, which permit it to charge interest at the rate of 24% a year. Despite this permission, the lender has charged only 1½% per month, which is ½% less than the maximum. There is no proof of bad faith and no indication that it chose the laws of Colorado in order to escape Arizona's usury laws.

Burr raises one other issue on appeal, namely, that the lender is a foreign corporation which has not qualified to do business in Arizona. He argues that under A.R.S. § 10–482 all of its business transactions are void. However, A.R.S. § 10–485 permits foreign corporations to lend money in Arizona and to take security

therefor, provided only that it appoint the members of the Arizona Corporation Commission as its agents to accept service of process. There is nothing in the record to show that the lender failed to comply with this requirement. This is an affirmative defense and must be pleaded and proved by the defendant. R.C.P. 8(d), 16 A.R.S. He did neither. He not only failed to plead and prove the lender's lack of right to sue—but also failed to raise the point at the trial until after the court had taken the matter under advisement. Had he raised the matter at the trial, the lender would have had the opportunity to meet the issue by proof that it had complied with the statute, if such were the case. We, therefore, hold that there has been a failure on the part of the defendant to prove the facts upon which he bases his argument on this issue.

The judgment of the Superior Court is affirmed.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.