Merrimack
Nos. 6145
    6146
    6147

R. C. Allen Business Machines, Inc.

*v.*

Lynn E. Acres *& a* d/b/a
Concord Typewriter Service

Haskell, Inc.

*v.*

Same

Puretec, Inc.

*v.*

Same

July 29, 1971.

270

*Thomas N. Tarrant* and *Paul A. Rinden* ( *Mr. Rinden* orally ) for the plaintiffs.

*Hall, Morse, Gallagher* & *Anderson* and *F. Graham McSwiney* ( *Mr. McSwiney* orally ) for the defendants.

LAMPRON, J. Each case involves an action by a foreign corporation to recover for goods sold and delivered to the defendants at their place of business in this State. The defendants appeared specially and filed motions to dismiss on the ground that the plaintiffs had not been licensed to do business in New Hampshire in accordance with the requirements of RSA ch. 300 and introduced certificates of the secretary of state to that effect.

After hearings, the Court ( *Grant,* J. ) granted the motions to dismiss. Plaintiff Puretec, after excepting to the granting of the motion to dismiss, filed a motion for summary judgment ( RSA 491:8-a ) and an accompanying affidavit. This motion was denied. Plaintiffs Allen and Haskell filed similar motions for summary judgment with supporting affidavits before the motions to dismiss their actions were granted. The court took no action on their motions for summary judgment. All questions of law raised were reserved and transferred.

RSA 300:3 ( supp. ), 4 require foreign corporations doing business within the State of New Hampshire to register and obtain from the secretary of state a certificate of authority. RSA 300:8 provides that if such a corporation fails to comply with these requirements " no action shall be maintained or recovery had in any of the courts of this state by any such foreign corporation so long as it fails to comply with the requirements of this chapter. " It is well established law that this denial of access to our courts applies only to actions by such corporations which arise out of

intrastate transactions which fall within the purview of RSA ch. 300. *Myers Company* v. *Piche*, 109 N.H. 357, 252 A.2d 427 ( 1969 ). In other words, the provisions of RSA 300:8 do not apply to actions by foreign corporations arising out of transactions in interstate commerce. *Pennsylvania Rubber Co.* v. *Brown,* 83 N.H. 336, 337, 143 A. 703 ( 1928 ); *Furst* v. *Brewster,* 282 U.S. 493, 75 L. Ed. 478, 51 S. Ct. 295 ( 1931 ); 36 Am. Jur. 2d Foreign Corporations *s.* 259 ( 1968 ); *see Eli Lilly and Company* v. *Sav-On-Drugs, Inc.,* 366 U.S. 276, 6 L. Ed. 2d 288, 81 S. Ct. 1316 ( 1961 ).

The alleged incapacity of these plaintiffs to sue, is not a defense to the merit of their claims, but rather, a matter in abatement of their present actions until they comply with RSA ch. 300 if the activities on which their claims are based fall within the intent of that chapter. *Williams* v. *Walker*, 95 N.H. 231, 236, 61 A.2d 522, 525 ( 1948 ); 1 Am. Jur. 2d Abatement Survival and Revival *s.* 2 ( 1962 ); 20 C.J.S. Corporations *s.* 1910 ( 1940 ); 36 Am. Jur. 2d Foreign Corporations *ss.* 588, 591 ( 1968 ); James, Civil Procedure *s.* 9.9 ( 1965 ). Such incapacity, unless it appears on the face of the declaration, which it does not in these cases, is an affirmative defense which must be pleaded and proved by the defendant. *Automotriz Del Golfo De Cal.* v. *Resnick*, 47 Cal. 2d 792, 306 P.2d 1( 1957 ); *Burr* v. *Renewal Guaranty Corp.,* 105 Ariz. 549, 551, 468 P.2d 576, 578 ( 1970 ); 20 C.J.S. Corporations *s.* 1910 ( 1940 ); 18 Fletcher Cyc. Corp. ( perm. ed. ) *s.* 8621 ( 1969 ); *see Dairy Equipment Co.* v. *Boehme*, 92 Idaho 301, 442 P.2d 437, 439, 440 ( 1968 ); *Walter E. Heller & Company* v. *Stephens,* 79 N.M. 74, 78, 439, P.2d 723, 727 ( 1968 ). There is no presumption that a foreign corporation doing business in a state is doing so contrary to statutes such as RSA ch. 300 and it need not plead compliance therewith when bringing suit. 36 Am. Jur. 2d Foreign Corporations *s.* 593 ( 1968 ); 18 Fletcher Cyc. Corp. ( perm. ed. ) *s.* 8630 ( 1969 ).

In order to maintain their affirmative defense, the defendants must allege and prove that the transaction out of which the action arose was an intrastate transaction which constitutes doing business within the meaning of RSA ch. 300 and not an interstate transaction which does not fall within the scope of that chapter. *Automotriz Del Golfo De Cal.* v. *Resnick*, 47 Cal.2d 792, 306 P.2d 1 ( 1957 ); 18 Fletcher, *supra* s. 8622 ( 1969 ); *see Burr* v. *Renewal Guaranty Corp.,* 105 Ariz. 549, 551, 468 P.2d 576,

578 ( 1970 ). The only evidence presented by the defendants was that the plaintiffs lacked a certificate of registration under RSA ch. 300. This did not satisfy the burden placed on them in order to prevail on their motion and plaintiffs' exceptions to the granting of the motions to dismiss are sustained.

In view of the granting by the trial court of defendants' motions to dismiss, subject to the exceptions of the plaintiffs, the latter's motions for summary judgment were not in order and are denied without prejudice.

*Remanded.*

All concurred.