Rockingham,
No. 6154.

PEERLESS CORPORATION, d.b.a. LEON & TEDDY'S OIL COMPANY

*v.*

FRANK CHIN & *a.*

January 31, 1972.

*Seth M. Junkins,* for the plaintiff, filed no brief.

*Winer, Lynch, Pillsbury & Howorth,* (Mr. Robert W. Pillsbury orally) for the defendants, Wing Chin, Fay Doon Lee, and Chin-Lee Realty, Inc.

DUNCAN, J. The plaintiff, a Massachusetts corporation, seeks by this action brought on March 18, 1970, to recover the sum of $1662.55, the balance of an account stated for services rendered and merchandise furnished at premises in Seabrook, N. H. between June 20, 1966 and September 24, 1966. A prior action against Chin-Lee Realty, Inc. and Seabrook Motel Corporation to recover the same account was dismissed on November 11, 1968, by *Morris, J.,* without trial on the merits, upon the defendants' motion to dismiss based upon plaintiff's failure to register in this State as provided by RSA 300:3, 4.

On March 9, 1969, prior to the bringing of the present action, the plaintiff registered to do business in New Hampshire, as provided by the statute.

The defendants Wing Chin, Fay Doon Lee, and Chin-Lee Realty, Inc. moved to dismiss the second action upon grounds of res adjudicata and collateral estoppel, by reason of the previous dismissal. The motion was granted on June 23, 1970, by *Grant, J.,* subject to the plaintiff's exception. The questions of law presented by the exception were reserved and transferred by the presiding justice.

RSA 300:8 provides as follows: "Effect. Failure to comply with the registration provisions of this chapter shall not affect the validity of any contract with such corporation; but no action shall be maintained or recovery had in any of the courts of this state by any such foreign corporation so long as it fails to comply with the requirements of this chapter."

No issue has been raised with respect to any involvement of transactions in interstate commerce. *See Pennsylvania &c. Co.* v. *Brown,* 83 N.H. 336, 143 A. 703 (1928); *R. C. Allen Bus. Mach. Inc.* v. *Acres,* 111 N.H. 269, 281 A.2d 162 (1971).

The sole questions presented are whether the plaintiff may maintain its second action to recover upon a cause which accrued prior to its registration as a foreign corporation, and, if so, whether the dismissal of the prior action is a bar. We are of the opinion the new action may be maintained and that the motion to dismiss was erroneously granted.

In *Peoples &c. Laundry* v. *Dubeau,* 80 N.H. 544, 119 A. 706 (1923) it was held that dismissal was properly denied of an action by a foreign corporation which had registered

here after the cause of action had accrued. Laws 1913, ch. 187, precursor of RSA 300:8, provided that no action should be maintained by a foreign corporation "so long as it fails to comply with the requirements of this act, *or upon any cause of action accruing during such failure.*" (Emphasis added). Following the decision in *Peoples &c. Laundry supra,* the legislature amended the statute by striking out the concluding words italicized above (Laws 1923, 95:1); and no material change in the statute has since occurred.

The defendants properly recognize the "probability" that this amendment "has changed the law of New Hampshire", but argue that the second action is barred by the judgment of dismissal entered in the prior suit. The argument cannot be accepted. As the reserved case states, in the prior proceeding there was no trial on the merits, and dismissal was based solely upon the provisions of RSA 300:8. Thus the former judgment is no bar. *South Bay Co.* v. *Merrill,* 77 N.H. 1, 86 A. 351 (1913); Restatement of Judgments *s.* 49, *s.* 50, Comment *b* (1942); *cf. Bottomly* v. *Parmenter,* 85 N.H. 322, 159 A. 302 (1932); *Archie* v. *Piaggio Company,* 109 N.H. 162, 245 A.2d 76 (1968).

The plaintiff's statutory disability has since been removed by its compliance with the registration provisions of the statute, prior to commencement of the second action. In these circumstances the weight of authority supports the plaintiff's right to maintain its action for a cause which accrued before the plaintiff registered. *National Fertilizer Co.* v. *Fall River &c. Bank,* 196 Mass. 458, 82 N.E. 671 (1907); 17 Fletcher, Private Corporations *s.* 8538, at 796-99 (perm. ed. rev. vol. 1960); Annots., 75 A.L.R. 447, 465 (1931); 6 A.L.R.3d 326 (1966).

*Plaintiff's exception sustained; remanded.*

All concurred.