Rockingham
No. 6813

BURNHAM & COMPANY

v.

RICHARD KLEINHANS, JR.

July 19, 1974

*Arthur J. Reinhart* and *Charles M. Eldredge* (*Mr. Eldredge* orally) for the plaintiff.

*Maurice J. Murphy, Jr.* and *Richard M. Kleinhans, Jr.,* pro se (*Mr. Kleinhans* orally), for the defendant.

GRIMES, J. Dismissal of an action on the case and of bill in equity for unjust enrichment raises issues of burden of proof and of whether a foreign partnership, on the basis of business conducted by phone and mail, is doing such business as to require registration with the secretary of state before maintaining suit in this State. Plaintiff's suits were dismissed solely on the jurisdictional issue under RSA 305-

A:4 and an exception was reserved and transferred by *Perkins*, J.

Plaintiff alleges it is a limited partnership, a stockbroker, a member of the New York Stock Exchange, and that it has a place of business in New York City. Plaintiff further alleges that defendant has maintained an account with plaintiff whereby defendant occasionally ordered the purchase and sale of securities. As of the end of 1970, defendant's account with plaintiff, according to its records, showed a debit of approximately $1,700. A subsequent sale of approximately $5,000 worth of securities gave defendant roughly a $3,300 credit. Plaintiff alleges that in February 1971, in balancing these transactions, it accidently overpaid defendant more than $2,000, which defendant has now refused to repay.

The parties agree that plaintiff maintains no agents or place of business in New Hampshire. It appears the partnership conducted its services solely through the mails and by phone. The motion to dismiss alleges merely that the plaintiff was a foreign partnership which had not been registered with the secretary of state. The motion appears to have been granted on the basis of the plaintiff's failure to show compliance with RSA ch. 305-A (Supp. 1973). The issues on appeal, therefore, are which party has the burden of proving compliance with the statute and whether that party has met its burden.

RSA 305-A:1 (Supp. 1973) provides that every foreign partnership, including limited partnerships, desiring to "do business" in the State, must register and pay an annual fee to the secretary of state. RSA 305-A:4 provides that a partnership failing to comply cannot sue in the courts of the State. Chapter 305-A, in its language and purpose, is modeled on RSA ch. 300 which requires registration of foreign corporations. N.H.S. Jour. 784 (1965). We see no good reason to distinguish the two chapters. Accordingly, on authority of *R.C. Allen Bus. Mach., Inc. v. Acres*, 111 N.H. 269, 281 A.2d 162 (1971), the incapacity of the partnership to sue is an affirmative defense which defendant must plead and prove. Defendant's argument that this burden is too onerous, is more easily carried out by plain-

tiff and, therefore, should be placed on plaintiff is rejected. *Id.* at 272, 281 A.2d at 164.

On the facts presented, we think defendant failed to carry this burden. The quantum of activity constituting "doing business" under this type of statute is greater than that which subjects a corporation to jurisdiction. *Myers Company v. Piche,* 109 N.H. 357, 252 A.2d 427 (1969). The single item of evidence introduced was a letter from the secretary of state indicating plaintiff had not registered. By itself, the letter is not enough for defendant to prevail on his motion. *R.C. Allen Bus. Mach., Inc. v. Acres,* 111 N.H. 269, 281 A.2d 162 (1971). Further, in order to require registration, defendant must prove at least some of plaintiff's transactions were wholly intrastate. On appeal it was disclosed plaintiff had registered with the insurance commissioner as a dealer in securities pursuant to RSA ch. 421. Compliance with this chapter does not, as a matter of law, compel registration under RSA ch. 305-A since a securities dealer could be conducting exclusively interstate transactions.

*Plaintiff's exception sustained; remanded.*

All concurred.