Cheshire
No. 82-055

## CLAYTON A. GUYETTE & a.

v.

## C & K DEVELOPMENT COMPANY & a.

October 14, 1982

*R. J. Shortlidge, Jr.,* of Keene, by brief and orally, for the plaintiff.

*Stephen H. Blewett* and *John M. Reynolds,* of Keene (*Mr. Blewett* and *Mr. Reynolds* on the brief, and *Mr. Blewett* orally), for the defendant.

KING, C.J. The defendant, C & K Development Company, appeals the denial of its motion to dismiss the action of the plaintiff, United Construction Consultants, Inc., on the ground that the plaintiff is an unregistered foreign corporation doing business in New Hampshire and therefore is precluded by RSA 300:8 from maintaining an action in New Hampshire courts.

The underlying cause of action arose out of a contract dispute. In June 1973, United Construction Consultants entered into a contract with C & K Development Company by which it agreed to build a Ramada Inn in Keene, New Hampshire. The contract called for completion of the project by June 15, 1974. United Construction Consultants, however, refused to complete construction and in May 1980, filed suit against C & K Development Company for breach of contract.

In April 1981 the defendant filed a motion to dismiss on the ground that the plaintiff was prohibited from maintaining the action by RSA 300:8 because it was a foreign corporation which had failed to register with the secretary of state. At a hearing on the motion on January 5, 1982, the plaintiff produced a certificate of authority issued in December 1981 by the secretary of state certifying that "U.C. Consultants, Inc." had qualified to do business in New Hampshire pursuant to RSA chapter 300. The plaintiff

claimed that during the 1970's it had not been permitted to register under the name United Construction Consultants, Inc., because there was a Vermont corporation doing business in the State with a similar name. The Superior Court (*Dunn*, J.) denied the defendant's motion to dismiss. The defendant's renewal of its motion to dismiss was also denied. The defendant appeals the denial of its motion. We affirm.

RSA 300:3 requires foreign corporations desiring to do business in the State to register with the secretary of state and pay a fee. RSA 300:4 requires the foreign corporation to set forth "the name of the corporation" when applying for a certificate of authority to do business in New Hampshire. However, RSA 300:4-b prohibits the use by a foreign corporation of a corporate name if the use of the name may mislead the public into believing that the corporation is an agency of the United States, or New Hampshire or is another corporation carrying on business in the State. Failure to comply with the registration provisions of RSA chapter 300 does not affect the validity of the foreign corporation's contracts. RSA 300:8. However, RSA 300:8 also provides that "no action shall be maintained or recovery had in any of the courts of this state by any foreign corporation so long as it fails to comply with the requirements of this chapter." Furthermore, RSA 300:9 provides that a foreign corporation that amends its charter by changing the name under which it is registered in New Hampshire shall file a certificate of the name change with the secretary of state.

■■ It is well established that the incapacity of a foreign corporation to sue because it has failed to register is an affirmative defense which must be pleaded and proved by the defendant. *R. C. Allen Bus. Mach., Inc. v. Acres*, 111 N.H. 269, 271, 281 A.2d 162, 164 (1971). To establish the defense, the defendant must prove three factors. First, it must prove that the transaction out of which the action arose was an intrastate transaction, because RSA 300:8 is inapplicable to interstate transactions. Second, the transaction must constitute "doing business" within the meaning of RSA chapter 300. Third, the defendant must show that the plaintiff is an unregistered foreign corporation. *Id.* We determine on the record that the defendant has failed to prove that the plaintiff is an unregistered foreign corporation within the meaning of the statute.

■ The transaction which gave rise to the cause of action was a part of intrastate commerce and not part of interstate commerce. The determination whether the transaction is a part of interstate commerce is a federal question, and the decisions of the United States Supreme Court are controlling. *Pennsylvania &c. Co. v.*

*Brown*, 83 N.H. 336, 337, 143 A. 703, 704 (1928). The record indicates that the transaction involved the construction of a Ramada Inn by the plaintiff in New Hampshire. Construction work within a state by a foreign corporation is generally considered intrastate commerce. *Kansas City Steel Co. v. Arkansas*, 269 U.S. 148, 151–52 (1925); *Western Gas Construction Co. v. Com'lth*, 147 Va. 235, 243–51, 136 S.E. 646, 649–51 (1927), *aff'd*, 276 U.S. 597 (1928); 15A AM. JUR. 2d *Commerce* § 39, at 374 (1976).

■■ The transaction also constituted "doing business" in New Hampshire. The activity required to constitute "doing business" under RSA chapter 300 is greater than that which will subject a foreign corporation to the jurisdiction of the courts of this State. *Myers Company v. Piche*, 109 N.H. 357, 358, 252 A.2d 427, 428 (1969). In *Piche*, the plaintiff was a broker in New York who billed a New Hampshire consignee on a shipment of goods from a Canadian firm. We held that this activity did not constitute doing business in the State, noting that the plaintiff had conducted no activities in the State. In contrast, the plaintiff in the present case carried on construction in the State over several months. This is sufficient to constitute "doing business" within RSA chapter 300.

■ The defendant contends that the plaintiff is an unregistered foreign corporation because it registered under the name "U.C. Consultants, Inc." rather than under its correct name, United Construction Consultants, Inc. We disagree. We find that the plaintiff has substantially complied with the statute. The plaintiff was prevented from registering under its correct name by RSA 300:4-b, which precludes the use of a corporation's name if its name is similar to the name of another corporation already doing business in the State. The plaintiff made an earnest attempt to comply with the provisions of the statute, by registering under a shortened form of its name. It has not attempted to mislead the secretary of state, the defendant, or the public as to the name under which it is incorporated in Massachusetts. In addition, it relied on the certification of the secretary of state that it had complied with the statute and consequently took no action to amend its corporate name in Massachusetts.

■ The defendant argues that the plaintiff should have returned to Massachusetts to amend its articles of incorporation and change its name, and then returned to New Hampshire to file the new name with the secretary of state. The statute does not indicate what a corporation should do if its name is already being used by another corporation doing business in the State. In the absence of a clear directive from the legislature, we believe that it is unreasonable to

require a corporation to change its name in the state of incorporation. If United States Steel attempted to register to do business in the State of New Hampshire under the name United States Steel, but was prevented from doing so because a corporation with a similar name was doing business in the State, we believe that it would substantially comply with the statute if it registered under the name U.S. Steel.

The plaintiff raises a number of arguments regarding the propriety of an interlocutory appeal in this case. The plaintiff argues that the interlocutory appeal is improper because the defendant has failed to comply with the procedures specified in Supreme Court Rule 8, and because the issue is not exceptional. Furthermore, the plaintiff claims that it is entitled to attorney's fees on this appeal.

Supreme Court Rule 8 requires the defendant to include in his appeal statement the signature of the lower court transferring the question. N.H. Sup. Ct. R. 8. The defendant's notice of appeal does not contain this signature, and the docket of the superior court does not indicate that the case was transferred to this court. Although the defendant has failed to comply with the rule, Supreme Court Rule 2 authorizes this court to suspend the requirements of a rule on the motion of the court or of a justice if it is in the interest of expediting the decision. N.H. Sup. Ct. R. 2. We believe that it is in the interest of expediting the decision to waive compliance with the rule in this exceptional case. The defendant filed a notice of appeal in this case in February 1982. Oral argument was heard in September 1982. While we could require the defendant to return to superior court and comply with the rule, we believe that such a procedure would involve a needless waste of court time. Accordingly, we waive compliance with Supreme Court Rule 8 for this defendant.

We disagree with the plaintiff's argument that an interlocutory appeal was inappropriate in this case. We have stated that interlocutory appeals should be limited to exceptional cases. *Paine v. Town of Conway*, 118 N.H. 883, 395 A.2d 517 (1978). Supreme Court Rule 8 further defines the circumstances in which interlocutory appeal is appropriate: when the appeal may materially advance termination or clarify further proceedings of the litigation. N.H. Sup. Ct. R. 8. Our decision in this case has materially clarified this litigation because we have indicated that the plaintiff can properly maintain this cause of action. We hold that interlocutory appeal was appropriate in this case.

Because we believe that the defendant's appeal was

appropriate, and not in bad faith, the plaintiff is not entitled to attorney's fees for this appeal. *Cf. Thompson v. Poirier*, 120 N.H. 584, 589, 420 A.2d 297, 300 (1980).

*Affirmed.*

BOIS, J., dissented; the others concurred.