VANCO, A Michigan Corporation, BRS, Incorporated, an Oregon Corporation, Wilson Sporting Goods Company, A Division of PepsiCo., Inc., A Delaware Corporation, and Hirsch Weis Division, Warnaco, Inc., A Connecticut Corporation, Appellants (Plaintiffs Below),

v.

SPORTSMAX, INC., Max L. Weaver, Thomas A. Kirk, Phillip Van Baalen, John Candlish and Michael North, Appellees (Defendants Below).

No. 2–1281–A–392.

Court of Appeals of Indiana, Second District.

April 21, 1983.

Rehearing Denied May 26, 1983.

Christopher E. Baker, Sue E. Figert, Rubin & Levin, Indianapolis, Charles H. Criss, Fern & Criss, Peru, for appellants.

Jeffry G. Price, Peru, for appellees Sportsmax, Inc., Max L. Weaver and Thomas A. Kirk.

SULLIVAN, Judge.

This is an appeal from summary judgment granted in favor of the defendants in four separate actions. They have been consolidated on appeal in the interest of judicial economy and because the motions to correct error in all of the cases present the same issue.

Each of the appellants (plaintiffs below) —Vanco; BRS, Inc.; Wilson Sporting Goods Co.; and Hirsch Weis Division, Warnaco, Inc. (hereinafter collectively referred to as "Corporations")—filed suit for collection on accounts with appellee Sportsmax, Inc. In addition, Corporations alleged in these suits that the individual defendants— Max L. Weaver, Thomas A. Kirk, Phillip Van Baalen, John Candlish and Michael North (hereinafter collectively referred to with Sportsmax, Inc. as "Sportsmax")— were liable on the accounts as personal guarantors.

In their complaints, the plaintiffs were identified as foreign corporations. Sportsmax filed motions for summary judgment[1] alleging Corporations were not entitled to maintain any action within the State of Indiana under I.C. 23–1–11–14 (West Ann. Code 1979)[2] without first obtaining a certificate of admission as a foreign corporation. Attached to these motions were certificates by the Secretary of State showing that the Corporations were not registered in the State of Indiana.

Corporations also filed motions for summary judgment against Sportsmax. Attached to these motions were affidavits by a manager of each corporation declaring that the corporation was organized under the laws of a sister state and that the corporation had "shipped goods" to Sportsmax. In addition, Corporations filed memoranda in opposition to Sportsmax's motions for summary judgment in which they asserted that they were engaged in interstate commerce.

The trial court heard arguments upon all the motions for summary judgment and thereafter entered judgment against the Corporations.

> "No foreign corporation transacting business in this state without procuring a certificate of admission ... shall maintain any suit, action or proceeding in any of the courts of this state...."

---

1. Although the individual defendant Michael North did not file a separate motion for summary judgment, the trial court considered him to have joined in Sportsmax, Inc.'s motion for summary judgment against Warnaco.

2. I.C. 23–1–11–14 provides in part:

Corporations contend there was a genuine issue of material fact whether they were engaged in interstate commerce. We agree and therefore reverse the trial court's judgments.

■ The purpose of the summary judgment procedures is to terminate litigation when no factual dispute exists and when the case may be determined as a matter of law. Summary judgment must be granted with caution, however, so that a party's right to a fair determination of genuine issues is not thwarted. *Perry v. Northern Indiana Public Service Co.* (4th Dist.1982) Ind.App., 433 N.E.2d 44 (*transfer denied*); *Bassett v. Glock* (2d Dist.1977) Ind.App., 174 Ind.App. 439, 368 N.E.2d 18.

■ In reviewing the grant of summary judgment, we must determine whether any genuine issue of material fact exists. *Perry v. Northern Indiana Public Service Co., supra.* The burden is on the proponent of the summary judgment to negate the existence of any genuine issue of material fact. *Bassett v. Glock, supra.* All doubts are to be resolved against him. *F.W. Means & Co. v. Carstens* (3d Dist.1981) Ind. App., 428 N.E.2d 251 (*transfer denied*). The trial court must consider all the pleadings, published depositions, answers to interrogatories, admissions, and affidavits on file, as well as any testimony, to determine whether a genuine issue of material fact exists. Ind.Rules of Procedure, Trial Rule 56(C). The products of discovery are to be liberally construed in the opponent's favor. *Perry v. Northern Indiana Public Service Co., supra.* Even if the facts are not in dispute, summary judgment is inappropriate when a good faith dispute exists regarding the inferences to be drawn from these facts. *McKenna v. City of Fort Wayne* (4th Dist.1981) Ind.App., 429 N.E.2d 662.

■ Corporations filed memoranda in opposition to Sportsmax's motions for summary judgment. A memorandum does not fall within the class of documents to be considered by the trial court under T.R. 56(C). It can only be examined for legal propositions—not for facts. *Glosser v. City of New Haven* (1971) Ind., 256 Ind. 33, 267 N.E.2d 67. Therefore, Corporations' allegations in the memoranda that they were engaged in interstate commerce are without effect and were properly ignored by the trial court.

Although Corporations did not file affidavits in opposition to Sportsmax's summary judgment motions, they did file affidavits attached to their own motions for summary judgment. The trial court was required to consider these affidavits in ruling on Sportsmax's motions. T.R. 56(C). In the affidavits, agents of Corporations alleged that goods were shipped to Sportsmax from foreign corporations. The sale and shipment of goods from one state to another constitute interstate commerce. *See Wright v. J.R. Watkins Co.* (1928) Ind.App., 86 Ind. App. 695, 159 N.E. 761. *See also* 15 Am. Jur.2d *Commerce* § 4 (1976). Accordingly, one permissible inference arising from Corporations' affidavits is that Corporations were engaged in interstate commerce and thus exempt from the requirement to obtain a certificate of admission under I.C. 23–1–11–14.

■ If, on the other hand, Corporations lacked capacity to bring suit in Indiana, as alleged by Sportsmax, such constitutes an affirmative defense which must be pleaded and proved under Trial Rules 9(A) and 8(C). *Clark Advertising Agency, Inc. v. Avco Broadcasting Corp.* (2d Dist.1978) Ind.App., 178 Ind.App. 451, 383 N.E.2d 353.

■ Absent any showing by Sportsmax which would permit the trial court to conclude, as a matter of law, that the goods were shipped intrastate, such as from inventory or warehouses within Indiana (*see C.H. Stuart, Inc. v. Bennett* (Okl.1980) 617 P.2d 879; *R.C. Allen Business Machines, Inc. v. Acres* (N.H.1971) 111 N.H. 269, 281 A.2d 162), the affidavits of Corporations were sufficient to raise a genuine issue of material fact regarding engagement in interstate commerce. Accordingly, it was error to enter summary judgments in favor of Sportsmax.

The judgments of the trial court are therefore reversed and the causes remanded for further proceedings consistent with this opinion.

BUCHANAN, C.J., and SHIELDS, J., concur.